*Dwight*, for the appellant.

*Maskell* and *Lewis*, for the executor.

---

SUCCESSION OF THOMAS E. BOWLES—ALEXANDER L. FIELD, Curator, Appellant.

APPEAL from the Probate Court of St. Mary, *Palfrey*, J.

GARLAND, J. The appellee, Mathison, executor of Thomas E. Bowles, deceased, presented his petition, alleging that from the amount of the claims against the succession which he represents, and in consequence of the recommendation of a family meeting, held that day, touching the interests of Dorothea Carlin, the interdicted mother and forced heir of his testator, it is for the interest of all parties concerned, that a meeting of the creditors should be called, to deliberate on the terms and conditions of a sale of the property. He, therefore, prays that certain creditors, whose names he furnishes, may be cited for the purpose stated, and that a sale of all the estate may be made on the terms and conditions to be fixed by the creditors, so far as they are concerned, and that for the balance it may be on the terms specified, in a petition previously filed for a sale to effect a partition. On the 13th January, 1842, the day on which this petition was filed, the judge ordered that a meeting of creditors should be convened at a future day, in conformity with the prayer of the petition; and again ordered that a sale should be made of all the

property·of the succession, on terms to be fixed by the creditors. From this judgment, Field, the curator of the forced heir, has appealed.

The only document or evidence that comes up with the record, is the petition of the appellee, asking for a partition of the succession between his wife Eleanor Mathison, the universal legatee, and her mother, the forced heir; and the judge certifies that this petition, and a list of names of certain persons stated to be creditors, are all the evidence on which the cause was tried.

The same errors were assigned as apparent on the face of the record in this, as in the case just decided, (*ante*, p. 35,) with the additional one, " that from the showing of the appellee, he has no right to institute the action of partition stated in his petition." This record exhibits no judgment on the petition for a partition. Having, in the preceding case, decided all the questions involved in this, against the appellee, on the ground of a want of notice, we must come to the same conclusion.

The judgment of the Probate Court of the 13th of January, 1842, is, therefore, annulled, and the petition dismissed with costs.

*Dwight*, for the appellant.

*Maskell* and *Lewis*, for the executor.